WILLIAM H. GASLIN *vs.* OVID PINNEY and another.

May 20, 1876.

Construction of Partnership Articles—Drafts on one Partner by another as Agent of the Firm.—Defendants were partners in a general lumber business, under the firm name of Pinney & Brockway. The partnership articles contained the following provisions, viz.: " The said Pinney, party of the first part, agrees to furnish a capital of from six to ten thousand dollars, in such sums and at such times as may be drawn for by the operating agent of said parties, no single draft to exceed one thousand dollars in amount unless previous arrangement has been made to the contrary; the money so furnished, as well as that received from the sale of lumber or other products of the mill, to be used for stocking the mill with logs, erecting piers or booms, purchasing or hiring teams, the payment of running expenses, and the payment of firm debts." * * * " And it is mutually agreed that neither party, nor the agent of the parties, shall sign the firm name to any note or other evidence of indebtedness, except with the concurrence of both parties; nor shall the firm name be used in any case except in necessary connection with the legitimate business of the mill." The articles further appointed William Brockway as the operating agent of the concern, providing that he should " use his best skill and judgment in purchasing logs." In part-payment for logs purchased of plaintiff, William Brockway drew five orders for the payment of money, in favor of plaintiff, directed to defendant Pinney. Two of the orders were signed " Pinney & Brockway, by William Brockway, agent;" the other three, "Pinney & Brockway, by William Brockway, agent for the firm of Pinney & Brockway." It appeared that all the money for which William Brockway ever drew upon Pinney did not amount to $6.000. *Held,* that William Brockway was authorized to draw the orders, and that they were in proper form.

Action against the defendants, Ovid Pinney and Jane Brockway, partners as Pinney & Brockway, upon five orders, amounting in all to $4,100, drawn upon the defendant Pinney, and signed in the firm name " by William Brockway, agent." At the trial in the district court for Hennepin county, before *Vanderburgh*, J., it appeared that William Brockway, who was the " operating agent " of the

defendants, under the articles of partnership set forth in the opinion, purchased of plaintiff 1,200,000 feet of saw-logs, at $8 per 1,000 feet, and that the orders in suit were given for a part of the purchase-money. At the close of the evidence the action was dismissed, on defendants' motion; a new trial was refused, and plaintiff appealed.

*Lochren, McNair & Gilfillan,* for appellant.

*J. Guilford,* for respondents.

BERRY, J. The defendants were partners in a general lumber business, under the firm name of Pinney & Brockway. The partnership articles contain the following provisions, viz.: "The said Pinney, party of the first part, agrees to furnish a capital of from six to ten thousand dollars, in such sums and at such times as may be drawn for by the operating agent of said parties, no single draft to exceed one thousand dollars in amount unless previous arrangement has been made to the contrary; the money so furnished, as well as that received from the sale of lumber or other products of the mill, to be used for stocking the mill with logs, erecting piers or booms, purchasing or hiring teams, the payment of running expenses, and the payment of firm debts." * * * "And it is mutually agreed that neither party, nor the agent of the parties, shall sign the firm name to any note, or other evidence of indebtedness, except with the concurrence of both parties, nor shall the firm name be used in any case except in necessary connection with the legitimate business of the mill." The partnership articles further provide that William Brockway shall be the operating agent of the concern, and, among other things, "that he shall use his best skill and judgment in purchasing logs." Brockway purchased logs for the concern, of different parties, including the plaintiff. In part-payment for logs purchased of plaintiff, he drew five orders for the payment of money, in favor of the plaintiff, and directed to defendant Pinney. Two of the orders were signed "Pinney & Brockway, by William Brockway,

agent;" the other three, "Pinney & Brockway, by William Brockway, agent for the firm of Pinney & Brockway." It appeared that all the money for which Brockway ever drew upon Pinney did not amount to $6,000. Upon the five orders mentioned the present action is brought, and the question in the case is, whether, under the above-quoted provisions of the partnership articles, Brockway was authorized to draw them.

The first provision quoted clearly authorizes the operating agent (*i. e.*, Brockway) to draw upon Pinney for at least $6,000, and, as it is in terms provided that the money is to " be drawn for by the operating agent " of the firm, the meaning is that it is to be drawn by him as agent. This made it entirely proper for him to draw in the name of his principal, by signing the orders (as he did) with the firm-name, by himself as agent.

The authority thus conferred is in no way impaired or affected by the second provision quoted. When this provision declares that " neither party, nor the agent of the parties, shall sign the firm name to any note or other evidence of indebtedness, except with the concurrence of both parties," it has no reference to the drafts referred to in the first provision quoted; for, as to the drawing of these drafts by the agent, in the firm name, the parties had, as we have before seen, clearly concurred by giving the operating agent express authority to draw the same. We are, therefore, of opinion that Brockway was authorized by the partnership articles to draw the orders in question, and that the court below erred in ruling to the contrary.

Order reversed and new trial directed.